OVERTON, Justice.
This is a direct appeal from a final judgment validating revenue bonds of the Palm Beach County Housing Authority. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and we affirm the final judgment validating the bonds.
The Palm Beach County Housing Authority was created pursuant to section 421.27, Florida Statutes (1985), and seeks to validate revenue bonds for financing the acquisition and construction of low income housing. The proposed bonds are payable solely from the housing projects’ revenues and the bond proceeds investment earnings. Pledges of these revenues and earnings and of mortgages on the projects secure the proposed bonds.
The only issue before this Court is whether the housing authority’s grant of a mortgage security interest mandates an election for bond approval. The trial court rejected the argument that the bonds would be valid only with electorate approval.
Appellants contend that this Court’s decisions in Boykin v. Town of River Junction, 121 Fla. 902, 164 So. 558 (1935), and Nohrr v. Brevard County Educational Facilities Authority, 247 So.2d 304 (Fla.1971), require an election to approve bonds secured by a mortgage on physical property. In Boykin, the local governmental entity issuing the bonds had ad valorem taxing authority. We deleted the mortgage provision from the bonds in Nohrr, noting that, although there would be no coercion to impose a tax for those particular bonds issued to benefit a private educational institution, there easily could be coercion if the bonds were for a public institution. In *894 Nohrr, although the issuing authority did not have taxing power, we stated that the relationship with the county or the legislature could be such that those entities “would feel morally compelled to levy taxes or to appropriate funds to prevent the loss of those properties [public schools] through the process of foreclosure.” 247 So.2d at 311.
In the instant case, it is clear the Palm Beach County Housing Authority has no ad valorem taxing authority and, in issuing these bonds, there is no direct or indirect pledge of taxing power. We reject the applicability of Boykin and Nohrr, and conclude that under these circumstances the mortgage provisions do not constitute a debt, liability, or obligation of Palm Beach County, the state of Florida, or any political subdivision, nor do they pledge the full faith and credit of Palm Beach County, the state of Florida, or any political subdivision. Further, we reject the argument that those entities would experience coercion to levy a tax to prevent the foreclosure of the project. We recede from Nohrr to the extent it conflicts with this opinion.
Accordingly, we affirm the trial court’s validation of the revenue bonds.
It is so ordered.
McDonald, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.